**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **Criminal No. 1:19-CR-106-HSO-JCG-1** |
| | § | |
| | § | |
| **RONALD CHRISTOPHER** | § | |
| **DRESSNER** | § | |

**ORDER DENYING DEFENDANT RONALD CHRISTOPHER DRESSNER'S
MOTION [50] FOR RECONSIDERATION**

In September 2025, Defendant Ronald Christopher Dressner sought compassionate release and a reduced sentence under 18 U.S.C. § 3582. *See* Mot. [44]. The Court denied his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), *see generally* Order [47], and otherwise found that his request to reduce sentence under 18 U.S.C. § 3582(c)(2) was "an improper collateral attack on [his] original sentence," *id.* at 8. Dressner now asks the Court for reconsideration, *see* Mot. [50], but this request is not well taken and should be denied.

I. <u>BACKGROUND</u>

A. <u>Dressner's Conviction and Sentence</u>

Pursuant to a Plea Agreement [28] with the Government, in February 2020, Defendant Ronald Christopher Dressner ("Defendant" or "Dressner") pleaded guilty to a one-count Indictment [3] charging that he "possessed a firearm, in and affecting interstate commerce, having been convicted previously of a felony . . ." in violation of

18 U.S.C. §§ 922(g)(1) and 924 (a)(2).  Indictment [3] at 1; *see also* Min. Entry entered February 21, 2020.

According to the Presentence Investigation Report ("PSR"), "[b]ased upon a total offense level of 30 and a criminal history category of V, the guideline imprisonment range is 151 months to 188 months.  However, the statutory minimum sentence is 15 years' [sic]; therefore, the guideline imprisonment range is 180 months to 188 months."  PSR [32] at 19 (filed under seal).  The Court ultimately sentenced Defendant to a 184-month term of imprisonment with five years of supervised release, J. [34] at 2-3, and imposed a $7,500.00 fine and $100.00 special assessment, *id.* at 6.  Defendant, who is now 47 years old, is presently incarcerated at Oakdale Federal Correction Institution ("FCI") in Oakdale, Louisiana.  *See* Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 29, 2026).[1]  With a projected release date of August 20, 2033, he has served approximately 41% of his sentence.  *See id.*; J. [34] at 2.

B.    Procedural History

In March 2024, Defendant filed a Petition [39] Under 28 U.S.C. § 2255 for Writ of Habeas Corpus, requesting that the Court vacate his sentence, *see* Pet. [39], which the Court denied as time-barred under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, *see* Order [40].  Defendant then filed a Motion [44] for Compassionate Release under 18 U.S.C. § 3582, arguing that there were extraordinary and compelling reasons justifying his release or

---

[1] Defendant's Motion [50] states that he is located at Pollock FCI in Pollock, Louisiana.  *See* Mot. [50] at 10.

2

reduction in sentence.  *See* Mot. [44].  The Government opposed the Motion [44], countering that Defendant had not shown any extraordinary and compelling reasons warranting early release and that certain of his arguments constituted improper collateral attacks on his original sentence.  *See* Resp. [46] at 4-12.  The Government further maintained that the factors set forth at 18 U.S.C. § 3553(a) weighed against any reduction in sentence.  *See id.* at 13-19.  The Court ultimately denied Defendant's Motion [44].  *See* Order [47].

C.    Defendant's Motion [50] for Reconsideration

On December 16, 2025, Defendant filed his first Motion [48] for Reconsideration, *see* Mot. [48], but because it was unsigned, the Court struck it as noncompliant with federal and local rules of procedure, *see* Fed. R. Civ P. 11(a); L. U. Civ. R. 11(a).  Although struck, the Government filed a Notice [49] of No Response.  *See* Notice [49].  Now, roughly five months later, Defendant again requests reconsideration.  *See* Mot. [50].

First, Defendant argues that he did not receive the Court's Order [47] on, nor the Government's Response [46] in opposition to, his original Motion [44] for Compassionate Release and therefore "he was deprived of a meaningful opportunity to rebut the government's factual assertions or to seek timely reconsideration or appeal."  Mot. [50] at 2.[2]  Second, Defendant asserts that the Court misapplied the Sentencing Guidelines when it determined that his parents were not

---

[2] And if the Court is disinclined to grant him release or a reduction in sentence, Defendant would like to be served with a copy of the Government's Response [46] and be permitted an opportunity to file a reply brief and any additional evidence.  *See* Mot. [50] at 10.

"'incapacitated' and that he [was] not the 'only available caregiver[.]'" *Id.* Third,

Defendant claims that the Court misbalanced the 18 U.S.C. § 3553(a) factors,

"resulting in an unduly harsh outcome . . . ." *Id.*

## II.  DISCUSSION

### A.    Relevant Legal Authority

Where, as here, a motion for reconsideration is filed more than 28 days after

the denial of a motion for compassionate release, a court will "treat it as if it were a

Rule 60(b) motion, as long as the grounds asserted in support of the Rule 59(e)

motion would also support Rule 60(b) relief." *United States v. Garrett*, 15 F.4th 335,

339 (5th Cir. 2021) (per curiam) (quotations omitted).  Rule 60(b) "permits a party to

seek relief from a final judgment, and request reopening of his case, under a limited

set of circumstances." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quotation

omitted).   These include:

(1)    mistake, inadvertence, surprise, or excusable neglect;
(2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)    the judgment is void;
(5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "Relief under Rule 60(b) is considered an extraordinary

remedy . . . ." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998).

4

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c).  At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)    in any case—
>        (A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>               (i)    extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

> The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a).  *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022); *see also Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021).

B.    Analysis

Defendant filed his Motion [50] for Reconsideration more than 28 days after entry of the Court's prior Order [47], so the Court will "treat it as if it were a Rule 60(b) motion[.]"  *Garrett*, 15 F.4th at 339.  With respect to Defendant's first point, the Government's Response [46] contains a Certificate of Service declaring that a copy was mailed to Defendant on the date it was entered.  *See* Resp. [46] at 20.  Likewise, the record reflects that a copy of the Court's Order [47] was mailed to Defendant on the date it was entered, November 4, 2025, and it was not returned as undeliverable.  Defendant's argument has no basis in the record and does not meet any of the grounds for relief under Rule 60(b).  *See* Fed. R. Civ. P. 60(b); *Henry v. Caruso*, No. 06-11938, 2008 WL 3913325, at *7 (E.D. Mich. Aug. 19, 2008) ("[C]ounsel's failure to receive the order is not grounds for Rule 60(b) relief.").

On the second point, the Court previously found that Defendant's parents were not "incapacitated" for purposes of compassionate release because they were not "confined to a bed or chair" and there was nothing in the record indicating that they suffered from severe cognitive defects.  Order [47] at 6.  Defendant complains that the Court has "set[] the bar too high."  Mot. [50] at 6 (emphasis omitted).  Of course, the Court did not set the bar; it simply applied relevant United States Sentencing Guidelines and Department of Justice definitions to the case at hand.  *See* Order [47] at 4-6.[3]  But Defendant is correct, this is a high bar – and it is a high

---

[3] Defendant seeks to supplement the record with documentation showing that the Court also erred in determining that he was not "the only available caregiver for his parents."  Order [47] at 6 (quotation omitted); *see also* Mot. [50] at 7.  But his parents' incapacitation is a prerequisite to any

6

bar for a reason.  Compassionate release is not a "get-out-of-jail[-free] card," *United States v. Morel*, No. 10 CR. 798 (PAC), 2020 WL 3412907, at *3 (S.D.N.Y. June 22, 2020) (quotation omitted), and Defendant has a lengthy criminal history, including a violent felony and membership in the Aryan Brotherhood, *see* PSR [32] at 8-9; 17.

As a segue into his final point, Defendant is simply unhappy with the Court's balancing of the 18 U.S.C. § 3553(a) factors to determine that they weigh against release.  *See* Mot. [50] at 8-9.  This is not a ground for reconsideration.  *See* Fed. R. Civ. P. 60(b).  Indeed, Defendant has not shown any error in, or basis for, reconsidering the Court's prior ruling or otherwise reopening the matter.  Having reviewed the current Motion [50] for Reconsideration and its earlier Order [47], the Court properly denied Defendant's Motion [44] for Compassionate Release.  Defendant's Motion [50] for Reconsideration should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Ronald Christopher Dressner's Motion [50] for Reconsideration is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 1st day of June, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

---

consideration of available caregivers.  *See* U.S.S.G. § 1B1.13(b)(3)(C).  And so even if Defendant would qualify as the only available caregiver for his parents, the point is moot.  *See id.*